UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOWNTOWN MUSIC PUBLISHING LLC, OLE MEDIA MANAGEMENT, L.P., BIG DEAL MUSIC, LLC, CYPMP, LLC, PEER INTERNATIONAL CORPORATION, PSO LIMITED, PEERMUSIC LTD., PEERMUSIC III, LTD., PEERTUNES, LTD., SONGS OF PEER LTD., RESERVOIR MEDIA MANAGEMENT, INC., THE RICHMOND ORGANIZATION, INC., ROUND HILL MUSIC LLC, THE ROYALTY NETWORK, INC. and ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC,<br><br>              Plaintiffs,<br><br>              v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>              Defendant. | No. 19 CV _____<br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiffs Downtown Music Publishing LLC ("Downtown"), ole Media Management, L.P. ("ole"), Big Deal Music, LLC ("Big Deal"), CYPMP, LLC, doing business as Pulse Music Group ("Pulse"), Peer International Corporation, PSO Limited, Peermusic Ltd., Peermusic III, Ltd., Peertunes, Ltd., Songs of Peer, Ltd. (collectively, "Peer"), Reservoir Media Management, Inc. ("Reservoir"), The Richmond Organization, Inc. ("TRO"), Round Hill Music LLC ("Round Hill"), The Royalty Network, Inc. ("Royalty") and Ultra International Music Publishing, LLC ("Ultra"), by their attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, for their complaint against Peloton Interactive, Inc. ("Peloton"), upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, allege as follows.

## Nature of the Action

1.      This is an action to recover more than $150,000,000 in damages from Peloton.  Here's why:  it is a central tenet of copyright law that statutory damages should be imposed on a willful infringer who either has actual knowledge of infringement or who acted in reckless disregard of its obligations under the copyright law.  Peloton is a textbook willful infringer.  It has used more than 1,000 musical works owned or administered by Plaintiffs over a period of *years* in the videos that it makes available to its hundreds of thousands of customers without a synchronization (or "sync") license for a single one of those songs.  And there is no doubt that Peloton's infringement was and continues to be knowing and reckless.  Peloton fully understood what the copyright law required, having entered into sync licenses with certain other copyright holders, while trampling the rights of Plaintiffs by using their musical works for free and without permission.  Those copyright violations continue, as Peloton creates new workout videos containing works owned or administered by Plaintiffs.

2.      Peloton is one of the world's most successful fitness and technology companies.  Founded in 2012, it is a hardware company and subscription service that allows consumers to replicate the experience of a high-end exercise studio at home.  Peloton sells high-tech stationary bikes and treadmills that enable users to participate in instructor-led video workouts, while competing against other class participants and viewing performance metrics.  It sells subscriptions to its video content library both to consumers who have purchased a Peloton bike or treadmill and those that have not.

3.      Peloton's fitness videos contain music from start to finish.  Music not only can provide a tempo for a treadmill run or stationary bike ride; it is essential to creating the instructor's desired atmosphere.  Peloton publishes the music playlists for some of its archived videos and offers consumers the ability to select workout classes based on the type of music they

want to hear, allowing them to choose a class focusing on, for example, classic rock, contemporary pop, electronic, hip hop or country, among other genres.

4.     By Peloton's own admission, music is at the center of the ballyhooed Peloton experience.  As Peloton said in a June 27, 2018 press release, "[o]ur members have embraced music as central to the Peloton experience and consistently rank it as one of the top aspects of the brand."  Peloton nonetheless deliberately decided to use Plaintiffs' musical works without any regard for the rights of thousands of songwriters and creators whose music helped fuel the explosive growth of Peloton from a startup to a company reported to be valued in excess of $4 billion.

5.     At all relevant times, Peloton was fully aware that in order to lawfully embody copyrighted musical works in connection with visual images, copyright law required Peloton to obtain authorization from owners of the copyrighted works in the form of what is commonly referred to as a "synchronization" or "sync" license.  A synchronization license allows the licensee lawfully to reproduce a protected work "in connection with" or "in timed relation with" a visual image, such as videos that Peloton records, archives and makes available to its customers.  On information and belief, Peloton entered into sync licenses with owners of certain other musical works while inexplicably and unlawfully using the musical works of Plaintiffs over a period of years without license or recompense.

6.     Plaintiffs therefore bring this action to enjoin Peloton's ongoing infringement of copyrighted musical works owned or administered by Plaintiffs, and to recover the maximum statutory damages resulting from Peloton's callous and flagrant prior and ongoing infringement.

**The Parties**

7.      Plaintiffs are music publishers that own or control the copyrights in numerous musical works that were synchronized by Peloton without Plaintiffs' authorization. Plaintiffs earn their livelihood, in part, by licensing their exclusive rights to sync their musical works.

8.      Plaintiff Downtown is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in New York, New York, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Happy Xmas (War Is Over)," "Carnival" and "Amber."

9.      Plaintiff ole is a limited partnership organized and existing under the laws of Ontario, Canada, with its principal place of business in Toronto, Ontario, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either co-owns or controls the copyrights, including, for example, "SexyBack," "If It Makes You Happy" and "Tom Sawyer."

10.     Plaintiff Big Deal is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Encino, California, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Hey Mami," "Los Ageless" and "Stitches."

11.     Plaintiff Peer consists of a group of related entities that are actively engaged in the business of music publishing whereby they license the use, reproduction, synchronization and distribution of musical works for which they either own or control the copyrights, including, for example, "Walk Like an Egyptian," "Old Time Rock & Roll" and "It's Too Funky in Here."

Plaintiff Peer International Corporation is a corporation organized and existing under the laws of New Jersey, with its principal place of business in New York, New York; Plaintiffs PSO Limited and Peermusic Ltd. are corporations organized and existing under the laws of New York, with their principal places of business in New York, New York; and Plaintiffs Peermusic III, Ltd., Peertunes, Ltd. and Songs of Peer, Ltd. are corporations organized and existing under the laws of Delaware, with their principal places of business in New York, New York.

12.    Plaintiff Pulse is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business in Los Angeles, California, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either co-owns or controls the copyrights, including, for example, "American Money," "Everybody Talks" and "Roar."

13.    Plaintiff Reservoir is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York, New York, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Bring Me to Life," "Fighter" and "Save a Horse (Ride a Cowboy)."

14.    Plaintiff TRO is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Fly Me to the Moon (In Other Words)," "Iron Man" and "My Generation."

15.    Plaintiff Round Hill is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York, New York, and is actively engaged

in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Hit Me With Your Best Shot," "Paradise by the Dashboard Light" and "Total Eclipse of the Heart."

16.     Plaintiff Royalty is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either co-owns or controls the copyrights, including, for example, "Mrs. Officer" and "Na Na."

17.     Plaintiff Ultra is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is actively engaged in the business of music publishing whereby it licenses the use, reproduction, synchronization and distribution of musical works for which it either owns or controls the copyrights, including, for example, "Mr. Saxobeat" and "31 Days."

18.     Defendant Peloton is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York, New York.  Peloton sells stationary fitness bikes and treadmills and streams to its subscriber members workout videos that feature musical works for which it neither owns nor controls the copyrights, and for which it has not obtained the necessary license from the copyright owner.

## Jurisdiction and Venue

19.     This Court has subject matter jurisdiction over this action, which arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20. This Court has personal jurisdiction over Peloton because its principal place of business is located within this District, and because Peloton has conducted systematic and continuous business in this District.

21. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a) because Peloton has its principal place of business within the District and has committed, and continues to commit, acts of copyright infringement within the District.

## The Facts

*Plaintiffs' Exclusive Synchronization Rights*

22. Plaintiffs are music publishers that own and/or control the U.S. copyrights in certain musical compositions (for the purposes of this Complaint, the terms "musical compositions" and "musical works" are used interchangeably), in whole or in part. Plaintiffs often administer these copyrighted musical works on behalf of the songwriters who composed those songs. Without the creative efforts of those and other songwriters, the music that Peloton uses in its workout videos simply would not exist.

23. The U.S. Copyright Act grants copyright owners such as Plaintiffs an exclusive bundle of rights with respect to each of their copyrighted works, which includes the exclusive right to reproduce, perform publicly and/or distribute (or authorize others to reproduce, perform and/or distribute) those copyrighted works. *See* 17 U.S.C. § 106.

24. Pursuant to this exclusive grant of rights, Plaintiffs license the public performance, reproduction, synchronization and/or distribution of musical works in their catalogs, collect the income arising from such licensing, and pay the songwriters their share of the license income, where applicable. Those songwriters, in turn, rely on those license fees to support their livelihood so that they can continue creating new songs.

25.     A number of musical works owned and/or controlled by Plaintiffs are written by more than one songwriter, each of whom may be affiliated with a separate music publisher.  To the extent that Peloton has obtained licenses from other music publishers with respect to their share of such joint works, such licenses, consistent with industry standard, do not convey rights with respect to the copyright interests of Plaintiffs or their administered songwriters in those works.

26.     The right to license the synchronization of a musical work is derived from the copyright owner's exclusive right of reproduction.  *See* 17 U.S.C. § 106(1).  The word "synchronization" is used to describe this particular form of reproduction because "synchronizing involves making a piece of music an integral part of the audiovisual work — by recording the music in 'timed-relation' with the moving pictures in an audiovisual work."  AL KOHN & BOB KOHN, KOHN ON MUSIC LICENSING 1086 (4th ed. 2010).  "[T]he permission granted under a synchronization license is traditionally limited to the making of a recording of a musical composition subject to the condition" that "the recording only be used as part of the particular audiovisual work specified in the agreement."  *Id.*  Thus, use of the same musical composition in a different context or in a different audiovisual work "would require a separate license, carrying an additional fee."  *Id.*  at 1105–06.

***Plaintiffs' Copyrighted Musical Works***

27.     Among many other copyrighted musical works, Plaintiff Downtown owns and/or controls the U.S. copyright in the musical compositions "Happy Xmas (War Is Over)," written and composed by John Lennon & Yoko Ono, for which the Register of Copyrights has duly issued Registration Certificate RE0000795735; "Working Class Hero," written and composed by John Lennon, for which the Register of Copyrights has duly issued Registration

Certificate RE0000846434; "Carnival," written and composed by Natalie Merchant, for which the Register of Copyrights has duly issued Registration Certificate PA0000758810; and "Amber," written and composed by Nicholas Hexum, for which the Register of Copyrights has duly issued Registration Certificate PA0001100362.  In addition, among many other copyrighted musical works, Plaintiff Downtown co-owns and/or controls the U.S. copyright in the musical compositions "Shallow," written and composed by Stefani Germanotta (aka Lady Gaga), Mark Ronson, Anthony Rossomando and Andrew Wyatt, for which the Register of Copyrights has duly issued Registration Certificate PA0002149916; "Green Onions," written and composed by Booker T. Jones, Lewis Steinberg, Steve Cropper and Al Jackson, Jr., for which the Register of Copyrights has duly issued Registration Certificate RE0000478073; "Groove Is In The Heart," written and composed by Kamaal Ibn John Fareed, Herbie Hancock, Dmitry Brill, Dong-Hwa Chung, Kier Kirby, Alex Butcher and Mike Miser, for which the Register of Copyrights has duly issued Registration Certificate PA0000532721; "Happier," written and composed by Ed Sheeran, Benjamin Levin and Ryan Tedder, for which the Register of Copyrights has duly issued Registration Certificate PA0002150280; "Locked Out of Heaven," written and composed by Peter Gene Hernandez (aka Bruno Mars), Philip Martin Lawrence and Ari Levine, for which the Register of Copyrights has duly issued Registration Certificate PA0001869823; "I'm Not The Only One," written and composed by Sam Smith and James Napier, for which the Register of Copyrights has duly issued Registration Certificate PA0001906178; "Girls, Girls, Girls," written and composed by Tommy Lee Bass, Mick Mars and Nikki Sixx, for which the Register of Copyrights has duly issued Registration Certificate PA0000342182; and "Diamonds," written and composed by Mikkel

S. Eriksen, Tor Erik Hermansen, Benjamin J. Levin and Sia Furler (aka Sia), for which the Register of Copyrights has duly issued Registration Certificate PA0001833874.

28.     Among many other copyrighted musical works, Plaintiff ole owns and/or controls the copyright in the musical compositions "The Spirit of Radio," written and composed by Alex Zinojinovich, Geddy Lee Weinrib and Neil Elwood Peart, for which the Register of Copyrights has duly issued Registration Certificate PA0000066535; and "Tom Sawyer," written and composed by Alex Zinojinovich, Geddy Lee Weinrib, Neil Elwood Peart and Paul Phillip Woods, for which the Register of Copyrights has duly issued Registration Certificate PA0000100466.  In addition, among many other copyrighted musical works, Plaintiff ole co-owns and/or controls the copyright in the musical compositions "Gin and Juice," written and composed by Mark L. Adams, Steve Arrington, Calvin Cordazor Broadus (aka Snoop Dogg), Harry Wayne Casey, Rick Finch, Raymond Guy Turner, Stephen C. Washington, Daniel Webster and Andre Romell Young, for which the Register of Copyrights has duly issued Registration Certificate PA0000901892;  "If It Makes You Happy," written and composed by Sheryl Suzanne Crow and Jeffrey Trott, for which the Register of Copyrights has duly issued Registration Certificate PA0000815033; "Miss Independent," written and composed by Christina Aguilera, Kelly Brianne Clarkson, James Everette Lawrence and Matthew B. Morris, for which the Register of Copyrights has duly issued Registration Certificate PA0001105447; "Shake Ya Tailfeather," written and composed by Jayson Riley Bridges, Tohri Murphy Lee Harper, Cornell Haynes (aka Nelly) and Varick D. Smith, for which the Register of Copyrights has duly issued Registration Certificates PA0001248945, PA0001196526; "SexyBack," written and composed by Nathaniel Floyd Hills, Timothy Z. Mosley (aka Timbaland) and Justin R. Timberlake, for which the Register of Copyrights has duly issued Registration Certificate PA0001165048; and "Starships," written and

composed by Carl Anthony Falk, Wayne Anthony Hector, Nadir Khayat, Onika Tanya Maraj (aka Nicki Minaj) and Rami Yacoub, for which the Register of Copyrights has duly issued Registration Certificate PA0001819003.

29.     Among many other copyrighted musical works, Plaintiff Big Deal owns and/or controls the copyright in the musical compositions "Hey Mami," written and composed by Amelia Randall Meath and Nicholas Christen Sanborn, for which the Register of Copyrights has duly issued Registration Certificate PA0001992052; "Los Ageless," written and composed by Annie Clark, for which the Register of Copyrights has duly issued Registration Certificate PA0002145312; and "Stitches," written and composed by Teddy Geiger, Daniel John Kyriakides and Danny Parker, for which the Register of Copyrights has duly issued Registration Certificate PA0001993016.  In addition, among many other copyrighted musical works, Plaintiff Big Deal co-owns and/or controls the copyright in the musical compositions "High Hopes," written and composed by Samuel S. Hollander, Jonas Jeeberg, Ilsey Juber, Bean William Ernest Lobban, Taylor Parks, Lauren Pritchard, Jacob S. Sinclair, Brendon Boyd Urie and Jenny Owen Youngs, for which the Register of Copyrights has duly issued Registration Certificate PA0002144483; "Thank God for Girls," written and composed by Bruce Charles Balzer, Craig Michael Balzer, Rivers Cuomo, Alex Goose and Bill Petti, for which the Register of Copyrights has duly issued Registration Certificate PA0002089150; "Summer Nights," written and composed by Ruth Anne Cunningham, Teddy Geiger, Sergio M. Popken, John Henry Ryan and Tijs M. Verwest (aka Tiesto), for which the Register of Copyrights has duly issued Registration Certificates PA0002065114, PA0002044086; and "Where the Blacktop Ends," written and composed by James Allen Shamblin and Steven Noel Wariner, for which the Register of Copyrights has duly issued Registration Certificate PA0000972877.

30.     Among many other copyrighted musical works, Plaintiff Peer owns and/or controls the copyright in the musical compositions "Walk Like an Egyptian," written and composed by Liam H. Sternberg, for which the Register of Copyrights has duly issued Registration Certificate PA0000278841; "Old Time Rock & Roll," written and composed by George H. Jackson and Thomas E. Jones III, for which the Register of Copyrights has duly issued Registration Certificate RE0000931306; "It's Too Funky in Here," written and composed by George H. Jackson, Robert A. Miller, Bradley A. Shapiro and Walter N. Shaw, for which the Register of Copyrights has duly issued Registration Certificate PAu000127840; and "Ooby Dooby," written and composed by Wade L. Moore and Allen R. Penner, for which the Register of Copyrights has duly issued Registration Certificate RE0000196669.  In addition, among many other copyrighted musical works, Plaintiff Peer co-owns and/or controls the copyright in the musical compositions "Umbrella," written and composed by Shawn C. Carter (aka Jay-Z), Thaddis Laphonia Harrell, Terius Youngdell Nash and Christopher A. Stewart, for which the Register of Copyrights has duly issued Registration Certificate PA0001355560; "Touch My Body," written and composed by Mariah Carey, Crystal Nicole Johnson, Terius Youngdell Nash and Christopher A. Stewart, for which the Register of Copyrights has duly issued Registration Certificate PA0001608150; and "Super Bass," written and composed by Jeremy Michael Coleman, Esther Dean, Roahn Kirk Hylton, Daniel Andrew Johnson and Onika Tanya Maraj (aka Nicki Minaj), for which the Register of Copyrights has duly issued Registration Certificate PA0001733269.

31.     Among many other copyrighted musical works, Plaintiff Pulse owns and/or controls the copyright in the musical compositions "American Money," written and composed by Garrett Borns and Thomas James Schleiter, for which the Register of Copyrights has duly issued Registration Certificate PA0001991515; "Happy People," written and composed by Lorraine Ann

McKenna and Hailey Faith Whitters, for which the Register of Copyrights has duly issued Registration Certificate PA0002063464; and "Runaway (U & I)," written and composed by Cathy Dennis, Linus Johan Eklow, Christian Lars Karlsson, Julia Christine Karlsson, Jimmy Kennet Koitzsch and Anton Anders Rundberg, for which the Register of Copyrights has duly issued Registration Certificate PA0001987640.  In addition, among many other copyrighted musical works, Plaintiff Pulse co-owns and/or controls the copyright in the musical compositions "Everybody Talks," written and composed by Tyler Aaron Glenn and Timothy Alan Pagnotta, for which the Register of Copyrights has duly issued Registration Certificate PA0001811165; "Roar," written and composed by Lukasz Gottwald, Martin Sandberg (aka Max Martin), Bonnie Leigh McKee, Katy Perry and Henry Russell Walter, for which the Register of Copyrights has duly issued Registration Certificate PA0001860200; "Sorry" written and composed by Justin Bieber, Julia Michaels, Sonny Moore, Justin Drew Tranter and Michael Tucker, for which the Register of Copyrights has duly issued Registration Certificate PA0002011230; and "John Wayne," written and composed by Stefani Germanotta (aka Lady Gaga), Josh Homme, Mark Ronson and Michael Tucker, for which the Register of Copyrights has duly issued Registration Certificate PA0002134445.

    32. Among many other copyrighted musical works, Plaintiff Reservoir owns and/or controls the copyright in the musical compositions "Bring Me To Life," written and composed by David Hodges, Amy Lee and Ben Moody, for which the Register of Copyrights has duly issued Registration Certificate PA0001152549; "Fighter," written and composed by Christina Aguilera and Scott Spencer Storch, for which the Register of Copyrights has duly issued Registration Certificate PA0001143426; "Save a Horse (Ride a Cowboy)," written and composed by Big Kenny and John D. Rich, for which the Register of Copyrights has duly issued Registration

Certificate PA0001227159; and "All I Wanna Do," written and composed by William D. Bottrell, David Francis Baerwald, Wyn Cooper, Sheryl Suzanne Crow and Kevin M. Gilbert, for which the Register of Copyrights has duly issued Registration Certificates PA0000664140, PA0000669884. In addition, among many other copyrighted musical works, Plaintiff Reservoir co-owns and/or controls the copyright in the musical compositions "Take Me Home, Country Roads," written and composed by Mary Catherine Danoff, William T. Danoff and John Denver, for which the Register of Copyrights has duly issued Registration Certificates RE0000653070, EU0000238954; "Cry Me a River," written and composed by Timothy Z. Mosley, Scott Storch and Justin R. Timberlake, for which the Register of Copyrights has duly issued Registration Certificate PA000119534; "Yeah!" written and composed by Christopher Brian Bridges (aka Ludacris), Garrett R. Hamler, La Marquis Jefferson, James Elbert Phillips, Johnathan H. Smith (aka Lil Jon) and Patrick Michael Smith, for which the Register of Copyrights has duly issued Registration Certificate PA0001241917; "Lonely Together," written and composed by Tim Bergling, Magnus Hoiberg, Brian D. Lee, Benjamin Levin, Ali Tamposi and Andrew Wotman, for which the Register of Copyrights has duly issued Registration Certificate PA0002089808; and "Fast Cars and Freedom," written and composed by Gary Levox, Wendell Lee Mobley and Neil Thrasher, for which the Register of Copyrights has duly issued Registration Certificate PA0001268341.

33.     Among many other copyrighted musical works, Plaintiff TRO owns and/or controls the copyright in the musical compositions "Fly Me to the Moon (In Other Words)," written and composed by Bart Howard, for which the Register of Copyrights has duly issued Registration Certificate RE0000120979; "Iron Man," written and composed by Terence Michael Butler, Frank Anthony Iommi, John Osbourne (aka Ozzy Osbourne) and W. T. Ward, for which the Register of Copyrights has duly issued Registration Certificate RE0000782590; and "My Generation," written

and composed by Peter Dennis Blandford Townshend, for which the Register of Copyrights has duly issued Registration Certificate RE0000634708.

       34.     Among many other copyrighted musical works, Plaintiff Round Hill owns and/or controls the copyright in the musical compositions "Hit Me With Your Best Shot," written and composed by Edward Schwartz, for which the Register of Copyrights has duly issued Registration Certificate PAu000139243; "Paradise by the Dashboard Light," written and composed by James Richard Stienman, for which the Register of Copyrights has duly issued Registration Certificates PA0000125856, PA0000000614; and "Total Eclipse of the Heart," written and composed by James Richard Steinman, for which the Register of Copyrights has duly issued Registration Certificates PA0000833824, PA0000182428.  In addition, among many other copyrighted musical works, Plaintiff Round Hill co-owns and/or controls the copyright in the musical compositions "Video Killed the Radio Star," written and composed by Geoffrey Downes, Trevor C. Horn and Bruce Martin Woolley, for which the Register of Copyrights has duly issued Registration Certificate PA0000050684; "Just the Way You Are," written and composed by Khari Cain, Philip Martin Lawrence, Ari Levine, Bruno Mars and Khalil Walton, for which the Register of Copyrights has duly issued Registration Certificate PA0001725672; "Leader of the Pack," written and composed by George "Shadow" Morton, Jeff Barry and Ellie Greenwich, for which the Register of Copyrights has duly issued Registration Certificate RE0000607399; "Before He Cheats," written and composed by Joshua P. Kear and Christopher Tompkins, for which the Register of Copyrights has duly issued Registration Certificate PA0001346125; and "Summer in the City," written and composed by John S. Boone, John B. Sebastian and Mark Sebastian, for which the Register of Copyrights has duly issued Registration Certificate RE0000669821.

35.     Among many other copyrighted musical works, Plaintiff Royalty co-owns and/or controls the copyright in the musical compositions "Mrs. Officer," written and composed by Dwayne Carter (aka Lil' Wayne), Darius J. Harrison, Curtis Stewart and Bobby Marcel Wilson, for which the Register of Copyrights has duly issued Registration Certificate PA0001787391; "Na Na" written and composed by Mikely Wilhelm Adam, Mary Christine Brockert, Samuel Jean, Wyclef Jean, Dijon Isaiah McFarlane, Tremaine Nerverson (aka Trey Songz) and Slaam Remi, for which the Register of Copyrights has duly issued Registration Certificate PA0001945848; "You're Beautiful," written and composed by James Blunt, Amanda Louisa Gosein and Sacha Skarbek, for which the Register of Copyrights has duly issued Registration Certificate PA0001904062; and "Backbeat," written and composed by Samuel Alexander McCarthy and Dagny Norvoll Sandvik, for which the Register of Copyrights has duly issued Registration Certificate PA0002077991.

36.     Among many other copyrighted musical works, Plaintiff Ultra owns and/or controls the copyright in the musical compositions "31 Days," written and composed by Xavier L. Dotson and Nayvadius Demun Wilburn (aka Future), for which the Register of Copyrights has duly issued Registration Certificate PA0002142631; and "Mr. Saxobeat," written and composed by Andrei Nemirschi and Vasile Marcel Prodan, for which the Register of Copyrights has duly issued Registration Certificate PA0001736539.  In addition, among many other copyrighted musical works, Plaintiff Ultra co-owns and/or controls the copyright in the musical compositions "Collide," written and composed by Tim Bergling (aka Avicii), Simon Harry Piers Jeffes, Arash Andreas Pournouri, Autumn Rowe and Sandy Julien Wilhelm, for which the Register of Copyrights has duly issued Registration Certificate PA0001753315; "Practice," written and composed by Dwayne Carter (aka Lil Wayne), Adrian Eccleston, Aubrey Drake Graham (aka Drake), Terius Gray, Noah James Shebib, Abel Tesfaye (aka The Weeknd) and Byron O. Thomas,

for which the Register of Copyrights has duly issued Registration Certificates PA0001793658, PA0001793872; "Commander," written and composed by Richard Preston Butler, David Guetta and Sandy Julien Wilhelm, for which the Register of Copyrights has duly issued Registration Certificate PA0001750325; and "Love Don't Let Me Go," written and composed by Jean Charles Marcel Gerard Carre, Joachim Andre Garraud, David Guetta and Christopher Kevin Willis, for which the Register of Copyrights has duly issued Registration Certificate PA0001305648.

37. Plaintiffs have identified more than 1,000 musical works that they own or control (in entirety or in part) in videos that Peloton has made or currently makes available to its customers. A list of those works, each of which have been registered with the U.S. Copyright Office, Peloton has willfully infringed by using those works without a sync license from Plaintiffs, is attached hereto as Exhibit A.

38. Peloton has used a number of Plaintiffs' musical works in multiple workout videos. "Umbrella," for example, has been used in at least 55 separate workout videos since late 2017. Each of those uses required a separate sync license. Peloton obtained none. Similarly, "Diamonds" has been used in at least 45 separate workout videos in that period, and "Hit Me With Your Best Shot" is in at least 24 workout videos in that period, all without a sync license from Plaintiffs.

***Peloton Builds a Highly Successful Business by Infringing Plaintiffs' Copyrights***

39. Peloton was founded in 2012, at a time when gyms and fitness studios that provide stationary cycling classes were becoming increasingly popular. Peloton sought to profit on that popularity by providing an in-studio cycling experience that consumers could use in their own homes, at any time. To that end, Peloton offers and sells equipment and streaming workout videos for at-home stationary bike and treadmill fitness. Peloton has expanded its offerings to include yoga, strength, and other exercise classes, which are available via live and streaming video.

40.     Peloton's chief product is a stationary exercise bike equipped with a 22"
HD touchscreen that streams videos of Peloton's indoor cycling classes, both live and on-demand
(the "Peloton Bike").  Peloton also sells a treadmill equipped with a 32" HD touchscreen that
streams videos of Peloton's indoor cardio and strength workouts, both live and on-demand (the
"Peloton Tread").

41.     In addition to purchasing a Peloton Bike and/or Peloton Tread, consumers
pay a monthly subscription fee ($39 per month) to access any one of over 13,000 Peloton workout
videos at any time in the comfort of their own home.

42.     Music is the lifeblood of the Peloton workout experience.   Peloton's
workout videos feature popular songs that inspire consumers to work out harder, faster and more
often.  Indeed, Peloton has publicly acknowledged that its consumers "embrace[] music as central
to the Peloton experience and consistently rank it as one of the top aspects of the [Peloton] brand."
Yet, despite the fact that music is "central to the Peloton experience" and "one of the top aspects"
of the Peloton brand, Peloton has failed to obtain licenses from or pay certain music
rightsholders—including Plaintiffs—for the use of their songs.

43.     There is no question as to the deliberate and willful nature of Peloton's
infringement of Plaintiffs' copyrighted musical works.  Peloton is fully aware of the exclusive
copyright interests of Plaintiffs and their clients in those musical works, and the need to obtain a
sync license before using any of those works in its workout videos.  Indeed, Peloton has in fact
sought and obtained such sync licenses from certain other music copyright owners.  Nonetheless,
with one exception, Peloton has used and continues to use copyrighted musical works owned
and/or controlled by Plaintiffs in its workout videos without ever having obtained such licenses
from, and paying negotiated license fees to, Plaintiffs.  The one exception involves Ultra, from

which Peloton obtained a license for a limited time but then let that license expire, while continuing to use Ultra's copyrighted works in willful violation of Ultra's exclusive rights.

44.     Based in part on its unauthorized use of the copyrighted musical works of Plaintiffs and other rightsholders, Peloton has quickly built a highly successful and lucrative business.  Peloton currently has more than 600,000 subscriber members, and its revenues have grown from approximately $60 million in 2015, to nearly $170 million in 2016 and over $300 million in 2017.  As a result of its meteoric success in the marketplace, Peloton is reported to have a value in excess of $4 billion.

***Plaintiffs' Injury***

45.     Since releasing the Peloton Bike in 2014, Peloton has repeatedly and continuously reproduced and synchronized recordings of Plaintiffs' copyrighted musical works without authorization from or compensation to Plaintiffs, in violation of Plaintiffs' exclusive rights under the Copyright Act.  Such repeated and continuous infringement of Plaintiffs' copyrighted musical works was intended to, and did in fact, benefit Peloton by allowing it to provide to its subscribers a vast library of workout videos featuring some of the most popular songs ever recorded, without having to negotiate and pay Plaintiffs for the rights to use those songs.

## CLAIM FOR RELIEF
### (Copyright Infringement)

46.     Plaintiffs re-allege and reincorporate by reference all of the allegations in paragraphs 1 through 45.

47.     Peloton, without the permission or consent of Plaintiffs, has reproduced and synchronized copyrighted musical works owned and/or controlled by Plaintiffs, including, but not limited to, the copyrighted musical works identified in Exhibit A, all of which have been registered with the U.S. Copyright Office.

48.      Peloton's conduct infringes on the copyrighted musical works owned and/or controlled by Plaintiffs, and hence their exclusive rights under the Copyright Act in violation of 17 U.S.C. § 106(1).

49.      Peloton's acts of infringement are intentional and willful, in violation of Plaintiffs' exclusive rights.

50.      Each unauthorized synchronization of Plaintiffs' copyrighted musical works by Peloton constitutes a separate and distinct act of infringement, separately actionable under the Copyright Act, and giving rise to a separate statutory damages award.

51.      Pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 for each infringement.  Alternatively, at Plaintiffs' election and pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Peloton's profits from its infringement of Plaintiffs' copyrighted musical works, as will be proven at trial.

52.      Plaintiffs also are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs pray for judgment against Peloton and for the following relief:

a.  A declaration that Peloton has willfully infringed the copyrighted musical works owned and/or controlled by Plaintiffs in violation of the Copyright Act;

b.  A permanent injunction requiring Peloton and Peloton's agents, employees, officers, attorneys, successors, licensees, partners and assignees, and all persons acting in concert with any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting,

inducing, and/or participating in the infringement of, any of Plaintiffs' rights protected by the Copyright Act;

    c.   An award of statutory damages for Peloton's willful infringement pursuant to 17 U.S.C. § 504, or, alternatively, Plaintiffs' actual damages, including Peloton's profits, in an amount to be determined a trial;

    d.   An award of prejudgment interest according to law;

    e.   An award to Plaintiffs of their attorneys' fees, together with the costs and disbursements of this action; and

    f.   Such other and further relief as the Court deems just and proper.

## **<u>Jury Demand</u>**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  New York, New York
           March 19, 2019

                  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                  By:  /s/ Jay Cohen
                          Jay Cohen
                          Darren W. Johnson
                          Emily A. Weissler
                  1285 Avenue of the Americas
                  New York, New York 10019-6064
                  Phone:  (212) 373-3000
                  Fax:  (212) 757-3990
                  jaycohen@paulweiss.com
                  djohnson@paulweiss.com
                  eweissler@paulweiss.com

                  *Attorneys for Plaintiffs*