UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOWNTOWN MUSIC PUBLISHING LLC, OLE MEDIA MANAGEMENT, L.P., BIG DEAL MUSIC, LLC, CYPMP, LLC, PEER INTERNATIONAL CORPORATION, PSO LIMITED, PEERMUSIC LTD., PEERMUSIC III LTD., PEERTUNES, LTD., SONGS OF PEER LTD., RESERVOIR MEDIA MANAGEMENT, INC., THE RICHMOND ORGANIZATION, INC., ROUND HILL MUSIC LLC, THE ROYALTY NETWORK, INC. and ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC,<br><br>      Plaintiffs and Counterclaim Defendants, and<br><br>NATIONAL MUSIC PUBLISHERS' ASSOCIATION, INC.,<br><br>      Counterclaim Defendant,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>      Defendant and Counterclaim Plaintiff. | No. 19-cv-02426 (DLC) |

**JOINT RULE 26(F) REPORT AND [PROPOSED] SCHEDULING ORDER**

      Plaintiffs and Counterclaim Defendants Downtown Music Publishing LLC, ole Media Management, L.P., Big Deal Music, LLC, CYPMP, LLC, doing business as Pulse Music Group, Peer International Corporation, PSO Limited, Peermusic Ltd., Peermusic III, Ltd., Peertunes, Ltd., Songs of Peer, Ltd., Reservoir Media Management, Inc., The Richmond Organization, Inc., Round Hill Music LLC, The Royalty Network, Inc., and Ultra International Music Publishing, LLC (collectively, the "Publishers"), and Defendant and Counterclaim

Plaintiff Peloton Interactive, Inc. ("Peloton"), by and through their undersigned attorneys, hereby submit the following Rule 26(f) Report and Scheduling Order. All parties met and conferred by telephone on April 17, 2019, and prepared this report based on those discussions. The parties have discussed settlement and each of the subjects to be considered at the Rule 16 conference. The parties will be appearing before the Court for an Initial Pretrial Conference on May 9, 2019.

  **A.**  **Nature of the Action**

  This is an action for copyright infringement in which the Publishers allege that Peloton willfully infringed the copyrights to at least 1,000 musical compositions owned and/or controlled by the Publishers by reproducing those compositions in timed relation to videos streamed on the Peloton platform, without obtaining the necessary synchronization (or "sync") licenses from the Publishers. Peloton has filed a counterclaim alleging that Publishers and the National Music Publishers' Association, Inc. ("NMPA") violated the antitrust laws by engaging in collective license negotiations and a concerted refusal to deal, and that NMPA committed tortious interference with direct license negotiations.

  **B.**  **Proposed Discovery Plan**

  1. **Rule 26(a) Initial Disclosures:** The parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by May 28, 2019.

  2. **Initial Document Requests Due:** The parties will serve their first requests for production by June 1, 2019.

  3. **Leave to Amend/Add Additional Parties:** Any amendments or supplements to the pleadings shall be made pursuant to Rule 15 of the Federal Rules of

Civil Procedure.[1]

    **4.**    **Close of Fact Discovery:**  Fact discovery will close on December 16, 2019.

    **5.**    **Expert Reports Due:**  Expert reports will be due on January 17, 2020.

    **6.**    **Rebuttal Expert Reports Due:**  Rebuttal expert reports will be due on February 21, 2020.

    **7.**    **Close of Expert Discovery:**  Expert discovery will close on March 20, 2020.

    **8.**    **Dispositive Motions Due:**  Any dispositive motions will be due on April 10, 2020.

**C.**    **Other Matters**

    1.    <u>Subjects on Which Discovery May Be Needed</u>

The Publishers believe they may need discovery on the following subjects:  the music playlists for each video streamed on the Peloton platform; the number of times each video on the Peloton platform has been streamed by Peloton and/or its customers; the sales and marketing of Peloton products; any sync licenses for musical compositions executed or negotiated by Peloton; statements, policies, or communications regarding the use or selection of musical compositions synchronized to videos available on the Peloton platform; communications about the Publishers and their musical compositions; policies, plans and strategies for licensing music for use on the Peloton platform; Peloton's financial performance as relevant to any

---

[1] The Publishers anticipate that further amendments or supplements to the complaint will be necessary to conform the allegations to the evidence, including the addition of publisher plaintiffs and/or copyrighted works.  Peloton anticipates that further revisions to the discovery plan (including dates and limitations on discovery) may be necessary to account for amendments or supplements to the pleadings, if any.

potential damages analyses; communications, analyses and documents regarding Peloton's decision to remove certain playlists from its online platform following the commencement of this lawsuit; documents or communications regarding Peloton's system for tracking the music used in its classes, including connecting songwriters to specific songs; communications regarding the value of music to Peloton products; and the facts underlying Peloton's affirmative defenses and counterclaims.  The Publishers reserve all rights to seek additional discovery on additional topics as the case develops.

Peloton believes it may need discovery on the following subjects: documents that show ownership of the copyrights at issue in the complaint and counterclaims, including documents sufficient to show percentage of ownership in each work, and co-owner agreements for each work; documents concerning Peloton, including documents concerning negotiations between a Publisher and Peloton and/or negotiations between NMPA and Peloton; communications and other documents between the Publishers, NMPA, and anyone else about Peloton; reproduction (or "sync") licenses between the Publishers and other entities; documents about the value of sync licenses, including projections of sync license fees; documents about how the means of delivery/distribution or nature of devices affect the value of licenses; documents about the difficulty in determining the ownership of rights in  musical works; third-party discovery related to license fees for sync licenses; documents concerning agreements between the Publishers, and between the Publishers and NMPA, related to collective license negotiations; communications and documents related to meetings between the Publishers, including meetings facilitated by NMPA; communications and documents related to the exchange of competitively-sensitive information between the Publishers, and between the Publishers and NMPA; documents concerning any non-disclosure agreements between the

Publishers and Peloton, or NMPA and Peloton; documents concerning the scope of the product and geographic market for collectively-negotiated sync licenses; documents concerning the Publishers' market power over collectively-negotiated sync licenses; and documents about the competitive harms created by collective license negotiations by the Publishers and NMPA. Peloton reserves all rights to seek discovery on additional topics as the case develops.

2. <u>Electronic Discovery</u>

The parties anticipate that discovery in this case will involve the production of hard copy documents and electronically stored information ("ESI"). The parties will meet and confer in good faith to agree to a procedure for identifying relevant custodians and search terms in advance of actual searching. The parties also have agreed to meet and confer regarding the appropriate format for the production of ESI in advance of production.

3. <u>Issues Relating to Claims of Privilege</u>

The parties shall produce privilege logs within a reasonable time after production. The parties agree that the inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege, provided that the party who made the inadvertent disclosure promptly notifies the other party upon becoming aware of the disclosure.

4. <u>Changes to Limitations on Discovery</u>

The parties do not anticipate any additional changes to the limitations on discovery in the Federal Rules of Civil Procedure or the Local Rules.

5. <u>Protective Order</u>

The parties recognize that this matter will require the production of sensitive commercial information and therefore agree that it is appropriate to enter a protective order to govern the handling of such information. Before documents are produced, the parties will

execute a stipulated protective order for this Court's approval, or either or both of the parties will move for the entry of a protective order if the parties are unable to reach agreement.

      6.    <u>Trial</u>

The parties agree that approximately 7-10 days will be sufficient to try the issues in this case. The parties request that the case be tried before a jury.

Dated: New York, New York
           May 2, 2019

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | KING & SPALDING LLP |
|---|---|
| By: */s/ Jay Cohen* <br>    Jay Cohen <br>    Darren W. Johnson <br>    Emily A. Weissler <br> 1285 Avenue of the Americas <br> New York, New York 10019-6064 <br> Phone: (212) 373-3000 <br> Fax: (212) 757-3990 <br> jaycohen@paulweiss.com <br> djohnson@paulweiss.com <br> eweissler@paulweiss.com <br><br> *Attorneys for the Publishers* | By: */s/ Kenneth L. Steinthal\** <br>    Kenneth L. Steinthal <br> 101 Second Street <br> Suite 2300 <br> San Francisco, CA 94105 <br> Phone: (415) 318-1200 <br> ksteinthal@kslaw.com <br><br> J. Blake Cunningham (pro hac vice) <br> King & Spalding LLP <br> 401 Congress Ave. <br> Suite 3200 <br> Austin, TX 78701 <br> Phone: (512) 457-2000 <br> bcunningham@kslaw.com <br><br> Christopher Yook (pro hac vice) <br> David P. Mattern (pro hac vice) <br> King & Spalding LLP <br> 1700 Pennsylvania Avenue. <br> Suite 200 <br> Washington, DC 20006 <br> Phone: (202) 737-0500 <br> cyook@kslaw.com |

---

\* Pursuant to ECF Rule 8.5(b), Peloton's attorneys provided consent for the Publishers' attorneys to jointly file this document bearing Mr. Kenneth Steinthal's electronic signature.

        dmattern@kslaw.com

        *Attorneys for Peloton Interactive, Inc.*

IT IS SO ORDERED this \_\_ day of May, 2019

_____
The Honorable Denise Cote
United States District Judge