UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOWNTOWN MUSIC PUBLISHING LLC, OLE MEDIA MANAGEMENT, L.P., BIG DEAL MUSIC, LLC, CYPMP, LLC, PEER INTERNATIONAL CORPORATION, PSO LIMITED, PEERMUSIC LTD., PEERMUSIC III, LTD., PEERTUNES, LTD., SONGS OF PEER LTD., RESERVOIR MEDIA MANAGEMENT, INC., THE RICHMOND ORGANIZATION, INC., ROUND HILL MUSIC LLC, THE ROYALTY NETWORK, INC. and ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC,

   Plaintiffs and Counterclaim Defendants, and

NATIONAL MUSIC PUBLISHERS' ASSOCIATION, INC.,

   Counterclaim Defendant,

v.

PELOTON INTERACTIVE, INC.,

   Defendant and Counterclaim Plaintiff.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

No. 19-cv-02426 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/19

---

**WHEREAS**, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this proceeding (the "Proceeding"), which relate to the parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party (including any third party) making the production deems confidential; and

**WHEREAS**, it has been agreed by and among the parties to the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving

1

the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

**IT IS HEREBY ORDERED THAT**:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.

2. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order if they agree to be bound by its terms and conditions by signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.

3. Any Supplying Party shall, through counsel, have the right, subject to the terms of this Protective Order, to identify and designate as "CONFIDENTIAL", "RESTRICTED", or "OUTSIDE COUNSEL ONLY" any document or other materials it produces or provides (whether pursuant to Federal Rules of Civil Procedure 26, 33, or 34, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies)) or any testimony given in this

2

Proceeding, which documents, other discovery materials, or testimony are believed by that Supplying Party to constitute, reflect, or disclose its confidential and proprietary information (all of which is hereafter referred to as "Designated Material").

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it, in good faith, believes to be entitled to confidential treatment under Fed. R. Civ. P. 26(c)(1)(G). Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" unless Confidential Information is contained in the particular edition of such being designated.

5. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**CONFIDENTIAL**

6. Any material in the Proceeding that is made available for inspection pursuant to Fed. R. Civ. P. 34 is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

7. A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" information disclosed at a deposition taken in connection with this Proceeding by:

3

a. designating testimony given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s) as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

b. notifying all other parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s) of specific pages and lines of the transcript which are designated as "CONFIDENTIAL," or

c. identifying testimony as "CONFIDENTIAL" in the manner specified in either subparagraph (a) or subparagraph (b) above, if such testimony was given by a Receiving Party or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s) and contained Designated Material so designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

8. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

a. Outside counsel and in-house counsel for the Receiving Party or other parties to the Proceeding providing legal advice in connection with the Proceeding; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

4

b. such officers and employees of the Receiving Party or other parties to the Proceeding as outside counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

c. any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in, consulting with respect to, the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

d. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

e. stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

f. witnesses and their counsel to whom disclosure is reasonably necessary during their testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information; and

g. any mediator engaged by the named parties to the Proceeding.

9. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

10. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party (or its counsel) designating the material as "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party is obligated to give immediate written notice to that original Supplying Party of such subpoena or other notice. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's business interests ("Restricted Information") such that the Supplying Party may deem such Restricted Information to require greater limitations on disclosure than are set forth in paragraph 8 above. The Supplying Party may designate such Restricted Information by marking the first page of the document and each subsequent page thereof containing Restricted Information and any answer as follows:

**RESTRICTED**

14. "Designated House Counsel" as used herein means any in-house attorney employed by the Receiving Party who (i) is employed by the Receiving Party primarily in a legal

capacity; (ii) is actually providing legal advice in connection with the Proceeding, and (iii) is properly designated pursuant to paragraphs 16 to 18.

15. All the provisions set forth above that are applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be made only to the following persons:

a. Outside counsel; Designated House Counsel; the attorneys, paralegals, and stenographic and clerical employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

b. any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

c. the Court and any members of its staff to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court with respect to the Proceeding;

d. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

e. any mediator engaged by the named parties to the Proceeding.

16. Each Receiving Party may designate no more than three in-house counsel employed by the Party to be a Designated House Counsel by submitting written notice to all

7

Supplying Parties identifying such personnel. Each of the foregoing Designated House Counsel shall sign the Certification annexed hereto as Exhibit A and keep a copy of that signed Certification.

17. A Supplying Party shall have three (3) business days from the date of service of the foregoing written notification identifying Designated House Counsel to object to a Receiving Party's proposed designation. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in a writing served on the Receiving Party. If a written notice of objection is served within the period provided in this Section for objections, no Restricted Information of the Supplying Party shall be disclosed to the Receiving Party's proposed Designated House Counsel until the objection is resolved by agreement or by an order of the Court.

18. If an objection to a proposed Designated House Counsel is received, the Receiving Party seeking to disclose Restricted Information to the proposed Designated House Counsel must move for an order of the Court authorizing disclosure of Restricted Information to the proposed Designated House Counsel.

19. Persons having knowledge of Restricted Information by virtue of their participation in the conduct of the Proceeding shall use that Restricted Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Restricted Information for any other purpose nor disclose such Restricted Information to any person who is not listed in paragraph 15 of this Protective Order.

20. Counsel shall take all reasonable and necessary steps to ensure the security of any Restricted Information and will limit access to Restricted Information to those persons listed in paragraph 15 of this Protective Order. Restricted Information produced or provided by any

8

Supplying Party will be kept in the Receiving Party's outside counsel's possession (or Designated House Counsel's possession) and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 15 above.

21. The parties recognize that Supplying Parties may possess certain discrete categories of extremely sensitive confidential and/or confidential proprietary information that they believe the disclosure of which, even if limited to the persons listed in paragraph 15 above, may compromise and/or jeopardize the Supplying Party's business interests such that it deems it necessary to require greater limitations on disclosure than are set forth in paragraphs 8 or 15 above ("Outside Counsel Information"). The Supplying Party may designate such Outside Counsel Information by marking the first page of the document and each subsequent page thereof containing Outside Counsel Information and any answer as follows:

## OUTSIDE COUNSEL ONLY

22. All the provisions set forth above applicable to Confidential Information and Restricted Information shall apply equally to Outside Counsel Information, except that disclosure of Outside Counsel Information by the Receiving Party shall be limited to the following persons:

> a. Outside counsel employed or retained by the Receiving Party who are actually assisting in the Proceeding; paralegals, stenographic, clerical, and litigation support employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

9

b. any outside consultant or expert (and his or her staff) actually assisting in the Proceeding and to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Proceeding;

c. the Court and any members of its staff to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court with respect to the Proceeding;

d. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

e. any mediator engaged by the named parties to the Proceeding.

23. Persons having knowledge of Outside Counsel Information by virtue of their participation in the conduct of the Proceeding shall use that Outside Counsel Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Outside Counsel Information for any other purpose nor disclose such Outside Counsel Information to any person who is not listed in paragraph 22 of this Protective Order.

24. Counsel shall take all reasonable and necessary steps to assure the security of any Outside Counsel Information and will limit access to Outside Counsel Information to those persons listed in paragraph 22 of this Protective Order. Outside Counsel Information produced or provided by any third-party Supplying Party will be kept in the Receiving Party's outside counsel's possession and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 22 above.

25. All persons to whom Designated Material is disclosed pursuant to subparagraphs , 8(c), 8(f), 15(b), or 22(b) as applicable above shall, prior to disclosure, be advised

10

of the contents of this Stipulation and Protective Order. All persons to whom Designated Material is disclosed pursuant to subparagraphs 8(c), 8(f), 15(b), or 22(b) shall be required to execute a Certification evidencing their agreement to the terms of the Protective Order, in the form attached as Exhibit A.

26. Any Supplying Party may redesignate under paragraphs 5, 13, or 19 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt of Designated Material under paragraphs 8, 15, or 22 above.

27. Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 8, 15, or 22 above, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the Designated Material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or email transmission) as soon as practicable, but within fifteen (15) calendar days of its

11

receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. Failure to respond within such fifteen-day period shall constitute consent to the request. If, where consent is withheld, the requesting party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL," "RESTRICTED," or "OUTSIDE COUNSEL ONLY" unless and until differing treatment is directed pursuant to an order of the Court.

28. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL," "RESTRICTED," or "OUTSIDE COUNSEL ONLY" ("Objecting Party") by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing (by hand delivery, courier, or email transmission) by either: (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

29. Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material, other than in a manner provided for in this Protective Order.

30. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL," "RESTRICTED," or "OUTSIDE COUNSEL ONLY" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraphs 8, 15, or 22.

31. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five (5) business days, return or destroy all copies of such materials and provide a certification of counsel that all such information has been returned or destroyed. Notwithstanding the above, a party may move the Court for an Order compelling production of the inadvertently disclosed information. ~~The motion shall be filed under seal and shall not assert as a ground for entering such an Order~~ the fact or circumstances of the inadvertent production.

13

32. If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its designated status during such use.

33. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

34. Designated Material, any copies and/or extracts thereof, and anything derived therefrom, shall not be disclosed in any way for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this Proceeding.

35. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies shall be returned or destroyed within sixty (60) calendar days of receipt of the request to the Supplying Party; provided, however, that attorney work product, briefs and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by the parties' counsel and, if so retained, shall continue to be maintained as Confidential, Restricted, or Outside Counsel Only in accordance with the provisions of this Stipulation.

36. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

37. In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 8, 15, or 22 hereof, all parties acknowledge

14

that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

38. The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties or order of the Court. The parties shall be free to use any admissible Designated Material at trial and any appeals related to this Proceeding but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

39. Data produced in electronic form may be designated as Confidential Information, Restricted Information, or Outside Counsel Only Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5, 13, or 21 above. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.

40. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

41. The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this Proceeding.

42. Although this Protective Order binds the parties to treat Designated Material as "CONFIDENTIAL," "RESTRICTED," or "OUTSIDE COUNSEL ONLY," the Court has not

reviewed any such Designated Material. Therefore, in approving this Protective Order, the Court makes no finding as to whether any Designated Material has been properly designated. Such a finding will be made, if ever, upon review by the Court of each document so designated.

The parties, by their counsel, hereby consent to entry of the foregoing Order:

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | KING & SPALDING LLP |
|---|---|
| By: *(signature)* Jay Cohen<br>Darren W. Johnson<br>Elana R. Beale<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Phone: (212) 373-3000<br>Fax: (212) 757-3990<br>jaycohen@paulweiss.com<br>djohnson@paulweiss.com<br>ebeale@paulweiss.com<br><br>*Attorneys for the Publishers and National Music Publishers' Association, Inc.* | By: *(signature)* Kenneth L. Steinthal<br>101 Second Street, Suite 2300<br>San Francisco, CA 94105<br>Phone: (415) 318-1200<br>ksteinthal@kslaw.com<br><br>J. Blake Cunningham (*pro hac vice*)<br>500 West 2nd Street, Suite 1800<br>Austin, TX 78701<br>bcunningham@kslaw.com<br><br>Christopher C. Yook (*pro hac vice*)<br>David P. Mattern (*pro hac vice*)<br>1700 Pennsylvania Avenue, Suite 200<br>Washington, DC 20006<br>cyook@kslaw.com<br>dmattern@kslaw.com<br><br>Emily T. Chen<br>1185 Avenue of the Americas<br>New York, NY 10036<br>echen@kslaw.com<br><br>*Attorneys for Peloton Interactive, Inc.* |

IT IS SO ORDERED this ~~day of May, 2019~~ 6th day of June, 2019

*(signature)*
The Hon. Denise L. Cote
United States District Judge

16

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOWNTOWN MUSIC PUBLISHING LLC, OLE MEDIA MANAGEMENT, L.P., BIG DEAL MUSIC, LLC, CYPMP, LLC, PEER INTERNATIONAL CORPORATION, PSO LIMITED, PEERMUSIC LTD., PEERMUSIC III, LTD., PEERTUNES, LTD., SONGS OF PEER LTD., RESERVOIR MEDIA MANAGEMENT, INC., THE RICHMOND ORGANIZATION, INC., ROUND HILL MUSIC LLC, THE ROYALTY NETWORK, INC. and ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC, <br><br>     Plaintiffs and Counterclaim Defendants, and <br><br> NATIONAL MUSIC PUBLISHERS' ASSOCIATION, INC., <br><br>     Counterclaim Defendant, <br><br> v. <br><br> PELOTON INTERACTIVE, INC., <br><br>     Defendant and Counterclaim Plaintiff. | No. 19-cv-02426 (DLC) |

## CERTIFICATION

The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 20__, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

17